UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

TALIA MCINTYRE

CASE NO. 3:26-cr-16-JEP-SJH
18 U.S.C. § 1343

## INFORMATION

The United States Attorney charges:

### COUNTS ONE AND TWO
### (WIRE FRAUD)

**A.   Introduction**

At all times relevant:

1.   Fountainhead Commercial Capital (Fountainhead) was a direct commercial lender that specialized in helping small to midsize businesses finance and develop through Small Business Administration (SBA) programs, and assisted businesses in accessing the SBA Paycheck Protection Program (PPP).

2.   Fountainhead utilized and accessed computer servers/data centers outside of the state of Florida, as part of conducting business lending in connection with PPP loans.

3.   Talia McIntyre was a resident of Jacksonville, Florida. She was a United States Department of Veterans Affairs employee in Jacksonville. Talia McIntyre did not own or operate any business eligible to receive PPP loans that operated in the food catering industry, or otherwise. Talia McIntyre did not own or

operate any business that had a license from the Florida Department of Business and Professional Regulation to conduct food operations.

4.  Individual-1 was resident of Jacksonville, Florida, and a pastor at a church, which Talia McIntyre attended. Individual-1 approached Talia McIntyre and convinced her to apply for two PPP loans in her own name, which presented her as an independent contractor of a food catering business, when if fact she was not.

5.  On or about March 30, 2021, Talia McIntyre, at the direction of Individual -1, electronically submitted the SBA Form 2483-C (PPP Borrower Application Form for Schedule C Filers Using Gross Income) from the Middle District of Florida to Fountainhead for a PPP loan (loan number ending 8706 for $20,833) stating that she was an independent contractor performing food catering services under the business name "Talia McIntyre." On or about February 11, 2022, at the direction of Individual-1, Talia McInture electronically submitted the SBA Form 3508S (PPP Loan Forgiveness Application Form) from the Middle District of Florida to Fountainhead seeking loan forgivenss from the SBA. On or about February 16, 2022, the SBA forgave the PPP loan in the full loan amount.

6.  On or about April 12, 2021, Talia McIntyre, at the direction of Individual -1, electronically submitted the SBA Form 2483-SD (PPP Second Draw Borrower Application Form for Schedule C Filers Using Gross Income) from the Middle District of Florida to Fountainhead for a second draw of the PPP loan (loan number ending 8900 for $29,166) making the same or similar representations as in the original loan application. On or about February 11, 2022, at the direction of

2

Individual-1, Talia McInture electronically submitted the SBA Form 3508S from the Middle District of Florida to Fountainhead seeking loan forgivenss from the SBA. On or about February 16, 2022, the SBA forgave the second draw PPP loan in he amount of $29,166.

### The Small Business Administration

7.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

8.     The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, The CARES Act established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

### The Paycheck Protection Program

9.     One of the new programs was the SBA Paycheck Protection Program ("PPP"), which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll and / or make payroll costs. Under this program, the SBA could forgive all or part of loans, if employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business purposes and expenses. The PPP forgiveness process required the applicant to electronically submit a PPP Loan Forgiveness Application Form, a SBA Form 3508S.

10. The PPP application process required interested applicants to electronically submit a Borrower Application Form, a SBA Form 2483. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, payroll costs and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized purposes.

11. Further, when submitting the SBA Form 2483, the authorized representative certified his understanding that, should the PPP funds be knowingly used for unauthorized purposes, the United States could hold him or her legally liable, including for charges of fraud. The applicant was also required to certify the truth and accuracy of any information provided on the SBA Forms 2483 and 3508S, and in all supporting documents, to include any documents intended to verify the applicant's business expenses. The applicant was required to certify an understanding that knowingly making a false statement to obtain a guaranteed loan from the SBA is punishable under the law and subject to criminal penalties.

### B. The Scheme and Artifice

12. Beginning on an unknown date, but no later than in or around March 2021, and continuing through at least in or around February 2022, in the Middle District of Florida and elsewhere, the defendant,

TALIA MCINTYRE,

knowingly devised and intended to devise and aided and abetted a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

13. The manner and means by which the defendant sought to accomplish and aid and abet the scheme to defraud included, among others, the following:

    a. It was part of the scheme and artifice that in March 2021, the defendant, at the direction of Individual-1, would and did fraudulently complete and electronically submit a SBA Form 2483-C (PPP Borrower Application Form for Schedule C Filers Using Gross Income) (loan ending 8706) for "Talia McIntyre" as an Independent Contractor along with an IRS Form 1040, Schedule C, for purposes of applying for a PPP loan to which she and Individual-1 were not entitled;

    b. It was further a part of the scheme and artifice that when fraudulently completing the SBA Form 2483-C for the Talia McIntyre loan ending 8706 in March 2021, the defendant and Individual-1 would and did list the gross income from 2019 IRS Form, Schedule C, line 7 as $164,872, when there was no such gross income for that business;

    c. It was further a part of the scheme and artifice that when fraudulently completing the SBA Form 2483-C for the Talia McIntyre loan ending 8706 in March 2021, the defendant and Individual-1 would and did claim the purpose of the loan was for payroll costs (including proprietor expenses, equal to

5

business expenses plus owner compensation), corresponding to a loan amount of $20,833;

   d. It was further a part of the scheme and artifice that when fraudulently completing and electronically submitting the SBA Form 2483-C for the Talia McIntyre loan ending 8706 in March 2021, the defendant and Individual-1 would and did certify that the funds would be used to maintain payroll and cover operations expenditures and supplier costs, as specified under the PPP Rules, when if fact they were not;

   e. It was part of the scheme and artifice that in April 2021, the defendant and Individual-1 would and did fraudulently complete and electronically submit a SBA Form 2483-SD (PPP Second Draw Borrower Application Form for Schedule C Filers Using Gross Income) for a second draw for Talia McIntyre (loan ending 8900) for purposes of applying for a second draw on the Talia McIntyre loan to which they were not entitled;

   f. It was further a part of the scheme and artifice that when fraudulently completing the SBA Form 2483-SD for the second draw Talia McIntyre loan ending 8900 in April 2021, the defendant and Individual-1 would and did list the gross income from 2019 IRS Form, Schedule C, line 7 as $164,872, when there was no such gross income for that business;

   g. It was further a part of the scheme and artifice that when fraudulently completing the SBA Form 2483-SD for the Talia McIntyre loan ending 8900 in April 2021, the defendant and Individual-1 would and did claim the purpose

of the loan was for payroll costs (including proprietor expenses, equal to business expenses plus owner compensation), corresponding to a loan amount of $29,166;

      h.     It was further a part of the scheme and artifice that when fraudulently completing and electronically submitting the SBA Form 2483-SD for the Talia McIntyre loan ending 8900 in April 2021, the defendant and Individual-1 would and did certify that the funds would be used to maintain payroll costs and cover operations expenditures and supplier costs, as specified under the PPP Rules, when if fact they were not;

      i.     It was part of the scheme and artifice that in February 2022, the defendant and Individual-1 would and did fraudulently complete and electronically submit two SBA Forms 3508S (PPP Loan Forgiveness Application Form) seeking forgiveness for both loans, to which they were not entitled because of the fraudulent misrepresentations included in both Talia McIntyre PPP loan applications.

      j.     It was further a part of the scheme and artifice that the defendant would and did provide financial institution account information into which the fraudulently-obtained PPP funds would be transferred via a ACH payment / wire transfer for the Talia McIntyre loans to Talia McIntyre's Bank of America (BOA) account;

      k.     It was further a part of the scheme and artifice that the defendant and Individual-1 would and did cause a SBA Participating Lender (Fountainhead) to send PPP loan proceeds via a ACH payment / wire transfer to the defendant's bank account at BOA for both Talia McIntyre loans;

l.  It was further a part of the scheme and artifice that the defendant and Individual-1 would and did retain loan proceeds for the defendant and Individual-1's personal use from both Talia McIntyre PPP loans, which was not for any legitimate PPP loan purpose;

m.  It was further a part of scheme and artifice that the defendant and Individual-1 would and did perform acts, and make statements to promote and achieve the object of the scheme and artifice and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

14.  On or about the dates listed below, in the Middle District of Florida and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

TALIA MCINTYRE,

the defendant herein, did knowingly transmit, cause to be transmitted, and aid and abet the transmission of, the following writings, signs, signals, pictures, and sounds, by means of wire communication in interstate commerce:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | February 11, 2022 | Electronic submission of the SBA Form 3508S (PPP Loan Forgiveness Application Form) to Fountainhead for forgiveness of the Talia McIntyre loan ending 8706 in the amount of $20,833 |

| TWO | February 11, 2022 | Electronic submission of the SBA Form 3508S (PPP Loan Forgiveness Application Form) to Fountainhead for forgiveness of the Talia McIntyre loan ending 8706 in the amount of $29,166 |

All in violation of 18 U.S.C. § 1343 and 2.

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $30,999, which represents the proceeds that the defendant obtained as a result of the fraud scheme charged in Counts One and Two.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____
KELLI SWANEY
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

10