FILED IN OPEN COURT

2.9.2026

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:26-cr-16-JEP-SJH

TALIA MCINTYRE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory

W. Kehoe, United States Attorney for the Middle District of Florida, and the

defendant, TALIA MCINTYRE, and the attorney for the defendant, Lisa Call,

Assistant Federal Public Defender, mutually agree as follows:

**A.     Particularized Terms**

  1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the

Information. Counts One and Two charge the defendant with Aiding and Abetting

Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2.

  2. Maximum Penalties

Both Count One and Count Two carry a maximum sentence of 20 years of

imprisonment, a fine of $250,000 or ~~the greater of~~ twice the gross gain or twice the    KAS JM

↓whichever is greater,

gross loss from the fraud, a term of supervised release of not more than 3 years, and a    JC

special assessment of $100. A violation of the terms and conditions of supervised

Defendant's Initials _JM_                                       AF Approval _JMH_

release is punishable by a maximum sentence of not more than 2 years of imprisonment as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Counts One and Two of the Information are:

| | |
|---|---|
| First: | the Defendant devised, participated in, and aided and abetted a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises; |
| Second: | the false pretenses, representations, or promises were about a material fact; |
| Third: | the Defendant acted with the intent to defraud; and |
| Fourth: | the Defendant transmitted, caused to be transmitted, or aided and abetted the transmission by wire some communication in interstate commerce to help carry out the scheme to defraud. |

4. Indictment Waiver

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing

Defendant's Initials _____    2

any other federal criminal offenses known to the United States at the time of the execution of this agreement.

6. <u>Chapter Two Base Offense Level Stipulation</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant's Chapter Two base offense level be calculated at 7 pursuant to USSG § 2B1.1(a)(1).

The parties understand that such a joint recommendation is not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. <u>Chapter Two and Three Calculations – Certain Stipulations</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant's Chapter Two and Three guidelines scoring is as follows:

| | |
|---|---|
| Loss - 2B1.1(b)(1)(D): | + 6 level increase |
| <u>Acceptance of Responsibility - 3E1.1</u>: | <u>- 2 level decrease</u> |
| Total Offense Level (TOL): | 11 |

The parties understand that the loss estimate is not binding on the Court, and if the Court calculates the loss differently, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty. The parties reserve the right to argue for the application of other guidelines provisions at sentencing.

Defendant's Initials _____    3

8. Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. Cooperation - Substantial Assistance to be Considered

The defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution

Defendant's Initials _____        4

for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policies of the United States, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policies of the United States, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____

5

10. Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of the defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

11. Cooperation - Responsibilities of Parties

a.      The government will make known to the Court and other relevant authorities the nature and extent of the defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _____     6

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by rescission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement,

Defendant's Initials _____    7

the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which the defendant hereby agrees to plead in the instant case but, in that event, the defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the $30,999 in proceeds the defendant admits she received from the commission of the fraud scheme to which the defendant is pleading guilty.

Defendant's Initials _____        8

The defendant acknowledges and agrees that (1) the defendant obtained this amount as a result of the commission of the offense and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses and consents to the entry of the forfeiture order into the Treasury Offset Program. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds,

Defendant's Initials _____    9

including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of

Defendant's Initials _____                    10

responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.    Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant specifically agrees that he is jointly and severally liable to make restitution to all victims of the offense.

The defendant agrees that he is also jointly and severally liable to make restitution to such additional victims as may be identified in the future upon a

Defendant's Initials _____    11

showing from the United States that such victim is entitled to restitution prior to sentencing.

The defendant agrees to make his best efforts to make restitution to the victims as expeditiously as possible. To that end, the defendant agrees to work with government counsel to liquidate assets so that, at or before sentencing, he can make a significant payment towards his restitution obligation. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

Defendant's Initials _____    12

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials _____        13

which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office and the Fraud Section to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office and the Fraud Section to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance

Defendant's Initials _____    14

of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw the defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

   7.  Defendant's Waiver of Right to Appeal the Sentence

   The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from the waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____          15

8. Scope of Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida, and cannot bind other federal, state, or local prosecuting authorities, although the undersigned will bring the defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court in open court, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges the defendant's understanding of the nature of the offense or offenses to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel (if any). The defendant also understands that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel,

Defendant's Initials _____    16

the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense or offenses to which the defendant pleaded, and if the defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be adjudicated guilty of the offenses to which the defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that the defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____    17

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 9th day of Feb. 2026.

GREGORY W. KEHOE
United States Attorney

TALIA MCINTYRE
Defendant

KELLI SWANEY
Assistant United States Attorney

LISA A. CALL
Attorney for Defendant

MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials ___    18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:26-cr-16-JEP-SJH

TALIA MCINTYRE

### PERSONALIZATION OF ELEMENTS

**Count One**:

1.      Between in or about March 2021 and in or about February 2022, did you knowingly devise, participate in, and aid and abet a scheme to defraud, or obtain money or property by using false pretenses, representations, or promises, specifically, to submit SBA Form documents to obtain Paycheck Protection Program (PPP) loans to which you and Individual-1 were not entitled?

2.      Were the false pretenses, representations, or promises about a material fact, that is, obtaining PPP loans, then obtaining forgiveness for those loans, based on false information concerning a fictitious food catering business in the name of "Talia McIntyre"?

3.      Did you act with intent to defraud when you submitted the SBA Form 3508S on February 11, 2022, requesting the SBA to forgive $20,833 for PPP loan ending 8706?

4.      On February 11, 2022, did you transmit, cause to be transmitted, and aid and abet the transmission of the SBA Form 3508S for the PPP loan ending 8706

Defendant's Initials _____

using an electronic portal to Fountainhead Commercial Capital, a lending institution with servers or data processing centers outside of Florida?

**Count Two**:

1.    Between in or about March 2021 and in or about February 2022, did you knowingly devise, participate in, and aid and abet a scheme to defraud, or obtain money or property by using false pretenses, representations, or promises, specifically, to submit SBA Form documents to obtain Paycheck Protection Program (PPP) loans to which you and Individual-1 were not entitled?

2.    Were the false pretenses, representations, or promises about a material fact, that is, obtaining PPP loans, then obtaining forgiveness for those loans, based on false information concerning a fictitious food catering business in the name of "Talia McIntyre"?

3.    Did you act with intent to defraud when you submitted the SBA Form 3508S on February 11, 2022, requesting the SBA to forgive $29,166 for PPP loan ending 8900?

4.    On February 11, 2022, did you transmit, cause to be transmitted, and aid and abet the transmission of the SBA Form 3508S for the PPP loan ending 8900 using an electronic portal to Fountainhead Commercial Capital, a lending institution with servers or data processing centers outside of Florida?

Defendant's Initials _____    2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:26-cr-16-JEP-SJH

TALIA MCINTYRE

## FACTUAL BASIS[1]

### Overview

This is a Paycheck Protection Program (PPP) loan fraud, in which Talia

McIntyre and Individual-1 partnered to obtain two PPP loans for a food catering

business identified as "Talia McIntyre," which did not exist.

The passage of the CARES Act authorized of up to $349 billion in Small

Business Administration (SBA) guaranteed forgivable loans to small businesses

through the PPP. In April 2020, Congress authorized over $300 billion in additional

PPP funding. To obtain a PPP loan, a qualifying business submitted a PPP loan

application (SBA Form 2483), which was signed by an authorized representative of

the business. The PPP loan application required the business (through its authorized

representative) to acknowledge the program rules and make certain affirmative

certifications to be eligible to obtain the PPP loan. In the PPP loan application, the

---

[1] The Factual Basis is prepared by the United States. The factual basis does not include all pertinent or known facts concerning the charge and guilty plea, or all facts that the defendant has knowledge of. The factual basis is merely a set of facts designed to set forth sufficient information that the Court uses to determine if there is indeed a factual basis to accept the defendant's guilty plea.

Defendant's Initials

small business was required to provide certain important information, including: (a) payroll expenses; and (b) 2019 or 2020 gross income figures. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming payroll expenses and/or annual gross income figures. Further, individuals had to report and document their income and expenses from a sole proprietorship, as typically reported to the Internal Revenue Service (IRS) on Form 1040, Schedule C, for a given tax year.

The CARES Act required PPP loan applications to be processed by a participating lender (such as Fountainhead Commercial Capital in this instance). If a PPP loan application was approved, the participating lender would fund the PPP loan using its own monies, which were guaranteed by the SBA. Data from the application, including information about the borrower, nature of the business, the total amount of the loan, and the listed gross income on the Schedule C filing with the IRS, were transmitted electronically by the lender to the SBA in the course of processing the loan. PPP loans under $150,000 were forgiven without the need to show how the money was used. The borrower merely had to certify on the SBA Form 3508S that the loan funds were used for authorized purposes. Applications for "PPP Round Two," defined as applications received after January 11, 2021, were received through cloud-based platform via a server located in Northern California.

Talia McIntyre applied for and received a total of $49,999 from two PPP loans that she electronically applied for on March 30, 2021, and April 12, 2021. McIntyre

Defendant's Initials _____    2

stated in the applications that she operated as an independent contractor for a food catering business named "Talia McIntyre" with an annual gross income of $164,872. The Florida Division of Corporations website has no record of a business named "Talia McIntyre." The Florida Department of Business and Professional Regulation has no record of Talia McIntyre having a license to conduct food operations.

### PPP Loan 786848706 – March 30, 2021 PPP Loan for "Talia McIntyre"

On March 30, 2021, McIntyre electronically submitted the SBA Form 2483-C (PPP Borrower Application Form for Schedule C Filers Using Gross Income) to Fountainhead Commercial Capital, in which McIntyre requested a PPP loan under the auspices that she was an independent contractor providing food catering services under the business name "Talia McIntyre." The application stated that McIntyre became an independent contractor on January 1, 2015, and that in tax year 2019, earned a gross income of $164,872. The submitted Schedule C contained the gross income figure, and various claimed expenses, including: Advertising ($19,500), contract labor ($12,510), insurance ($3,400), vehicles/machinery/equipment ($5,754), repairs/maintenance ($14,990), legal and professional services ($1,399), and other expenses. None of that is true. McIntyre did not submit an IRS Form Schedule C to the IRS for tax year 2019 supporting any food-related business, as claimed in the two PPP loan applications.

On April 21, 2021, Fountainhead deposited $20,833 into McIntyre's Bank of America account (ending 1564). On February 11, 2022, McIntyre electronically submitted a SBA Form 3508(S) (PPP Loan Forgiveness Application Form) to

Defendant's Initials _____    3

Fountainhead. Fountainhead had no servers in Florida at that time. McIntyre initialed a box that she complied with all requirements in the PPP rules, including rules related to eligible uses of the PPP loan proceeds. McIntyre also initialed a box that affirmed all of the information in the forgiveness application was true and correct in all material respects, that she followed the PPP rules throughout, as well as admonitions about false statements and the illegality of them in the PPP loan process. On February 16, 2022, the SBA forgave the PPP loan.

### PPP Loan 2591618900 – April 12, 2021 PPP Loan for "Talia McIntyre"

On April 12, 2021, McIntyre electronically submitted an SBA Form 2483-SD (PPP Second Draw Borrower Application Form for Schedule C Filers using Gross Income) to Fountainhead, in which McIntyre requested a second draw in the amount of $29,166. McIntyre averred (as in the first draw) that all of the information therein was true and correct. On May 5, 2021, Fountainhead deposited $29,166 into McIntyre's BOA account (ending 1564).

On February 11, 2022, McIntyre electronically submitted a SBA Form 3508(S) to Fountainhead, in which McIntyre applied for forgiveness on the second draw of the PPP loan. McIntyre made the same acknowledgements, including those regarding the rules related to eligible uses. On February 16, 2022, the SBA forgave McIntyre's PPP second loan in the amount of $29,166.

Defendant's Initials _____    4

### Proceeds of the PPP Loans

The financial analysis of the loan proceeds revealed that McIntyre transferred $19,000 to Individual-1 (a pastor at a church that McIntyre attended), and used the remaining $30,999 to make cash withdrawals, and pay her Discover credit card. The loan money was not used for any authorized PPP purpose.

### The Interview of Talia McIntyre – September 6, 2024

On September 6, 2024, VA-OIG Special Agent Dan Henson and SA Chris Stafford approached McIntyre and performed an audio recorded interview of her. During the interview, McIntyre stated that in either late 2020 or early 2021, Individual-1 approached her and stated that he wanted to help people in financial distress and that there was a way to obtain "free money" that she would not have to pay back. McIntyre stated that she initially was not sure what that meant (or how it would occur), but she agreed to it. McIntyre stated that Individual-1 prepared both PPP loan applications and emailed them to McIntyre, to sign, initial, and submit, which she did to Fountainhead.

When the PPP loan funds were deposited into McIntyre's BOA account, Individual-1 instructed her to send him $5,000 via Zelle, then later $14,000 (two separate transfers of $7,000). She made all transfers. McIntyre stated that she spent the remainder of the funds on personal expenses and church tithes.

When it came time for the forgiveness applications, McIntyre stated that Individual-1 directed her to create an account with the SBA, and once she did,

Defendant's Initials _____        5

instructed her over the phone what to write in each field. She followed the instructions, signed the SBA Forms 3508S and submitted them. McIntyre admitted that she never provided any food catering services as described in the PPP loan documents.

### Text Messages between Talia McIntyre and Individual-1

The following is a synopsis of select text messages between McIntyre and Individual-1, which were obtained from a consent search of McIntyre's cell phone.

- March 26, 2021 – Individual-1 informed McIntyre that he was working on the PPP application, and instructed McIntyre to forward all emails and verification codes that he received to Individual-1 at a specific email address.

- April 6, 2021 – Individual-1 sent a text to McIntyre telling her to sign a PPP loan related document.

- April 19, 2021 – McIntyre sent a text to Individual-1 telling Individual-1 that she received the PPP loan money, after which Individual-1 sent McIntyre a text asking her to send a "processing and documentation fee" to either of his BOA accounts (this was the $5,000 transfer).

- April 20, 2021 – Individual-1 sent a text message to McIntyre stating, "Use the money wisely and don't spend most of it on others!! LOL…", and, "Spending it on yourself is ABSOLUTELY ACCEPTABLE…".

- May 6, 2021 – McIntyre sent Individual-1 a text that informed him that she would transfer two payments of $7,000 to Individual-1's bank account.

- February 11, 2022 – Individual-1 sent a text to McIntyre, in which they coordinated later that day to complete the PPP loan forgiveness applications by Individual-1 "walk[ing] you through the prompts to completion. Should they ask for any information you don't have, I can provide you with expeditiously."

Defendant's Initials _____    6